IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 371, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-4078 |
| ROCK ISLAND INTEGRATED SERVICES, a joint venture of Del-Jen, Inc. and AECOM Government Services, | ) ) ) ) ) | |
| Defendant. | ) | |

# **O R D E R**

This matter is now before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint to Compel Arbitration under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons set forth below, the Motion to Dismiss [#4] is DENIED.

### **FACTUAL BACKGROUND**

On September 30, 2004, Plaintiff, International Brotherhood of Teamsters, Local 371 (the "Union"), and Defendant, Rock Island Integrated Services ("RIIS"), entered into a collective bargaining agreement (the "CBA"). On or about May 16, 2005, and June 1, 2005, the Union filed grievances on behalf of an RIIS employee and bargaining unit member in accordance with the provisions of Article 24 of the CBA. The grievances are arbitrable under the CBA, which provides for mandatory and binding arbitration of unsettled grievances.

On August 25, 2005, the Union gave written notice to RIIS that it was moving the unsettled grievances to arbitration. The parties received a panel of arbitrators from the Federal Mediation and Conciliation Service ("FMCS") on August 29, 2005, which contained the names of seven

individuals. The Union contends that the parties were to select an arbitrator from this panel, but claims that RIIS has prevented the selection of an arbitrator by refusing to select any one of the seven individuals on the panel.

On October 26, 2005, RIIS filed a grievance to resolve the difference of opinion between the parties over the arbitrator selection process and application of Section 1401.11(d) of the FMCS regulations. The Union has declined to participate in mediation on this grievance, instead opting to bring the present suit in Federal Court. This action seeks to compel RIIS to select an arbitrator from the August 29, 2005, panel and arbitrate these grievances. RIIS has moved to dismiss the Complaint both for lack of subject matter jurisdiction and, alternatively, for failure to state a claim. The matter is now fully briefed, and this Order follows.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

**DISCUSSION**

RIIS first argues that the Court lacks subject matter jurisdiction over this case because the Union's Complaint is not yet ripe for judicial review. Specifically, RIIS contends that the Union has not yet exhausted its contractual obligation to arbitrate before pursuing other remedies.

Section 24.1 of the CBA establishes the following procedure for dispute resolution:

> Any difference as to the interpretation of this Agreement in its application to a particular situation or as to whether it has been observed or performed, shall be a "grievance" under this Agreement, the procedures provided herein shall be the exclusive remedies available to the Company, the Union and to the employees, for the adjustment of such grievances.

Sections 24.1 through 24.5 then provide the procedures for filing and proceeding with grievances, including that in the event that no agreement is reached by a certain point, either party may submit the grievance or dispute to arbitration. If the grievance is submitted to arbitration, Section 25.2 of the CBA provides:

> In the event the Union or the Company submits a grievance to arbitration, the parties will petition the Federal Mediation and Conciliation Services for a panel of seven (7) arbitrators. A representative selected by the Union shall meet with a representative selected by the Company within five (5) days or receipt of the above notice and attempt to agree on an arbitrator.

Here, the grievance was filed and proceeded to arbitration. The Union and RIIS conferred and attempted to agree to the selection of an arbitrator from the panel provided by the FMCS. However, RIIS could not agree to any of the arbitrators in this panel and requested that the parties seek a second panel pursuant to Section 1404.11(d) of the FMCS rules and regulations.

Although the CBA does not specifically address what happens in the event that the parties are unable to agree on an arbitrator from the panel, the Union admits in its Complaint that the

parties are "bound by the rules, law and regulations governing the arbitrator selection procedure set forth by the [FMCS]." (Complaint at ¶ 15). As RIIS notes, Section 1401.11(d) of the FMCS rules and regulations does provide for a procedure in the event that the parties are unable to agree on an arbitrator from the first panel.

> If the parties do not agree on an arbitrator from the first panel, the OAS will furnish a second and third panel to the parties upon joint request and payment of an additional fee. Requests for a second or third panel should be accompanied by a brief explanation as to why the previous panel(s) was inadequate. If the parties are unable to agree on a selection after having received three panels, the AOS will make a direct appointment upon joint request.

29 C.F.R. § 1404.11(d). However, by the plain language of this section, the request for a second or third panel is only authorized where there has been a joint request and where a brief explanation as to why the previous panel was inadequate has been provided; neither of these requirements have been satisfied in this case.

Where the request is not made jointly, the FMCS rules dictate a different result, which is conveniently ignored by RIIS in its Motion.

> Requests made by only one party, for a service other than the furnishing of a standard list or panel of seven (7) arbitrators, will not be honored unless authorized by the applicable collective bargaining agreement. This includes unilateral requests for a second or third panel or for a direct appointment of an arbitrator.

29 CFR § 1404.9(f). As set forth above, the CBA is silent on the issue of what procedure is to be followed in the event that the parties are unable to agree on an arbitrator from the first panel, precluding any finding that a unilateral request for a second or third panel is authorized by the applicable collective bargaining agreement. Additionally, RIIS cites no authority for the proposition that the Union must join in its request for a second panel. If that was the case, there would be no

need for the FMCS regulation addressing unilateral requests for a second or third panel. Accordingly, under the current state of the FMCS rules and regulations, RIIS has set forth no legal basis for its asserted right to unilaterally demand or to force the Union to acquiesce in a request for a second panel of arbitrators from the FMCS.

The record now before the Court establishes that the Union has complied with all the provisions of the CBA with respect to arbitrating its grievances. The record further reveals that any failure to exhaust resulting from the fact that the arbitration of the Union's grievances has not been completed is solely attributable to RIIS' dilatory actions in preventing the selection of an arbitrator to arbitrate the grievances. Accordingly, the Court cannot find beyond doubt that no set of facts would entitle the Union to relief, and RIIS' Motion to Dismiss the Complaint for failure to exhaust or failure to state a claim must be denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#4] is DENIED. Defendant, RIIS, is directed to answer the Complaint within 14 days of the date of this Order. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 27th day of January, 2006.

                                                        s/ Michael M. Mihm
                                                       Michael M. Mihm
                                                       United States District Judge