**E-FILED**
Wednesday, 12 July, 2006  03:18:40 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 371, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-4078 |
| ROCK ISLAND INTEGRATED SERVICES, a joint venture of Del-Jen, Inc. and AECOM Government Services, | ) ) ) ) | |
| Defendant. | ) ) | |

# O R D E R

This matter is now before the Court on the Union's Motion for Judgment on the Pleadings.  For the reasons set forth below, the Motion for Judgment on the Pleadings [#16] is GRANTED.

## FACTUAL BACKGROUND

On September 30, 2004, Plaintiff, International Brotherhood of Teamsters, Local 371 (the "Union"), and Defendant, Rock Island Integrated Services ("RIIS"), entered into a collective bargaining agreement (the "CBA").  On or about May 16, 2005, and June 1, 2005, the Union filed  grievances on behalf of an RIIS employee and bargaining unit member in accordance with the provisions of Article 24 of the CBA.  The grievances are arbitrable under the CBA, which provides for mandatory and binding arbitration of unsettled grievances.

On August 25, 2005, the Union gave written notice to RIIS that it was moving the unsettled grievances to arbitration.  The parties received a panel of arbitrators from the

Federal Mediation and Conciliation Service ("FMCS") on August 29, 2005, which contained the names of seven individuals.  The Union contends that the parties were to select an arbitrator from this panel, but claims that RIIS has prevented the selection of an arbitrator by refusing to select any one of the seven individuals on the panel.

On October 26, 2005, RIIS filed a grievance to resolve the difference of opinion between the parties over the arbitrator selection process and application of Section 1401.11(d) of the FMCS regulations.  The Union has declined to participate in mediation on this grievance, instead opting to bring the present suit in Federal Court. This action seeks to compel RIIS to select an arbitrator from the August 29, 2005, panel and arbitrate these grievances.  The Union has moved for judgment on the pleadings.  The matter is now fully briefed, and this Order follows.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this suit arises  under § 301 of the Labor Management Relations Act.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial."  A motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss.  Guise v. BMW Mortgage, 377 F.3d 795, 798 (7th Cir. 2004). The Court must accept all well-pled allegations as true and must view those allegations in the light most favorable to the non-moving party.  Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998); Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004).  Thus, dismissal is proper only if it appears "beyond

2

doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–6 (1957).  In deciding a motion under Rule 12(c), the Court may consider only the pleadings, that is, "the complaint, the answer, and any written instruments attached as exhibits." Northern Indiana Gun & Outdoor Shows, Inc., 163 F.3d at 452.

## DISCUSSION

I.      Motion for Judgment on the Pleadings

Here, the following facts are not in dispute.  The Union and RIIS entered into a three-year CBA effective October 1, 2004.  The Union filed grievances on behalf of an RIIS employee on May 16, 2005, and July 1, 2005.  The parties were unable to reach an agreement on the disposition of these grievances.  The grievances are arbitrable, and the parties are bound by the rules, law, and regulations of the FMCS governing the arbitrator selection procedure.  The grievance procedure set forth in the CBA was followed by both the Union and RIIS up to and including the final step prior to the selection of a neutral arbitrator from the panel provided by the FMCS.

Section 25.2 of the CBA provides:

> In the event the Union or the Company submits a grievance to arbitration, the parties will petition the Federal Mediation and Conciliation Services for a panel of seven (7) arbitrators.  A representative selected by the Union shall meet with a representative selected by the Company within five (5) days or receipt of the above notice and attempt to agree on an arbitrator.

The Union and RIIS conferred and attempted to agree to the selection of an arbitrator from the panel provided by the FMCS.  However, RIIS could not agree to any of the arbitrators

3

in this panel and requested that the parties seek a second panel pursuant to Section 1404.11(d) of the FMCS rules and regulations.

Section 1401.11(d) of the FMCS rules and regulations provides for a procedure in the event that the parties are unable to agree on an arbitrator from the first panel.

> If the parties do not agree on an arbitrator from the first panel, the OAS will furnish a second and third panel to the parties upon joint request and payment of an additional fee.  Requests for a second or third panel should be accompanied by a brief explanation as to why the previous panel(s) was inadequate. If the parties are unable to agree on a selection after having received three panels, the AOS will make a direct appointment upon joint request.

29 C.F.R. § 1404.11(d).  However, the Union did not join in the request for a second panel, and by the plain language of this section, the request for a second or third panel is only authorized where there has been a joint request and where a brief explanation as to why the previous panel was inadequate has been provided.

Where the request is not made jointly, the FMCS rules dictate a different result.

> Requests made by only one party, for a service other than the furnishing of a standard list or panel of seven (7) arbitrators, will not be honored unless authorized by the applicable collective bargaining agreement.  This includes unilateral requests for a second or third panel or for a direct appointment of an arbitrator.

29 CFR § 1404.9(f).  As set forth above, the CBA is silent on the issue of what procedure is to be followed in the event that the parties are unable to agree on an arbitrator from the first panel, precluding any finding that a unilateral request for a second or third panel is authorized by the applicable collective bargaining agreement.

RIIS argues that the past practice of the parties has been: (1) if the panel of arbitrators is generally acceptable to both parties, the arbitrator is selected by alternating

strikes of names provided by FMCS until only one name is left; or (2) if either party finds the whole panel of arbitrators provided by FMCS to be unacceptable, the parties consent to jointly requesting another panel, with the objecting party informing the FMCS in its "Instructions to FMCS" form that the reason for the rejection of the initial panel was that it was unacceptable and that both parties want a new panel. RIIS then accuses the Union of refusing to follow this established practice here.

As evidence of this purported course of dealing, RIIS offers one incident in 2004 when the Union found the whole panel provided by the FMCS to be unacceptable and RIIS consented to jointly requesting the FMCS to provide another panel of arbitrators. There is no reference to any other occasion when this supposed practice has been implemented, and the specificity of the language contained in RIIS' Answer and Affirmative Defenses would not promote such an inference to be reasonably drawn.

Where there is an ambiguity in the interpretation of a CBA, it may be appropriate to consider the agreement in the context of a course of dealing between the parties that fills out or completes the definitions of the agreement. Tice v. American Airlines, Inc., 288 F.3d 313, 317 (7th Cir. 2002); Alexander v. City of Evansville, Indiana, 120 F.3d 723, 727 (7th Cir. 1997). That being said, in order to rise to the level of a bona fide course of dealing, the unquestioned practice must have persisted over time, such that it would be reasonable for it to be deemed sufficiently established. Chicago & North Western Transportation Company v. Railway Lobor Executives' Assoc., 908 F.2d 144, 154 (7th Cir. 1990). In other words, the practice must have "ripened into a commitment," thus becoming a part of the collective bargaining agreement" between the parties. Id. "Practices accompanied by assurances of continuation, express or implied, but in either event likely to induce reliance,

5

can create an implied obligation." Id., *citing* Consolidated Rail Corp. V. Railway Labor Executives' Ass'n., 109 S.Ct. 2477, 2845 (1989).

With all due respect, the pleadings support the conclusion that this situation has arisen only once, and this single incident, where RIIS apparently agreed to request a second panel, fails to establish a course of dealing that would support requiring the Union to consent to the request for a second panel in this case. Furthermore, the Union is objecting to the procedure advocated by RIIS on what appears to have been only the second time the situation has occurred, not to mention the first time that RIIS has deemed a panel to be unacceptable. This is a far cry from a time-honored practice or history of mutual understanding. To the contrary, the one occasion where RIIS consented to a request for a second panel deemed unacceptable by the Union does not come close to meeting the standard set forth in the case law and therefore fails to establish a course of dealing that could justify a different result than that dictated by the applicable FMCS rules.

The CBA is silent on the issue of what procedure is to be followed in the event that the parties are unable to agree on an arbitrator from the first panel, and RIIS has failed to establish a course of dealing that could supplement the CBA in this respect, which necessarily precludes RIIS' argument that the Union is somehow "contractually obligated" to join in the joint request and demonstrates the lack of merit in RIIS' affirmative defenses as a matter of law. Moreover, if the parties intended for this procedure to be followed in the event that the initial panel is deemed to be unacceptable by either RIIS or the Union, then they should have expressly provided for such a procedure in the CBA.

Judgment on the pleadings is appropriately granted where the moving party establishes that there are no material issues of fact requiring resolution and that the moving

6

party is entitled to judgment as a matter of law.  Flora v. Home Fed. Savings & Loan Assn., 685 F.2d 209, 211 (7th Cir. 1982).  As both of these conditions have been satisfied in this case, the Court finds that the Union is entitled to judgment on the pleadings.

II.    Request for Sanctions

Title 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Union argues that sanctions should be imposed under § 1927 because RIIS has acted to unreasonably delay acting on its obligations under the CBA and to serve as a deterrent to other parties who would attempt to refuse to follow applicable FMCS rules.

While the Union is entitled to costs of suit as the prevailing party, the Court concludes that the record does not support an award of attorney's fees.  RIIS asserted an affirmative defense based on a purported course of dealing which, if adequately alleged, would have allowed this matter to proceed to disposition on a fully developed factual record.  The fact that this affirmative defense was  ultimately rejected by the Court does not mean that it was brought in bad faith or was otherwise vexatious.  As the Court cannot find that RIIS' conduct was so egregious that it can be deemed unreasonable and vexatious, the Court declines the Union's request to award fees as sanctions.

## CONCLUSION

For the reasons set forth above, no reasonable factfinder could find in favor of RIIS on the record before the Court.  Accordingly, the Union's Motion for Judgment on the

Pleadings [#16] is GRANTED.  RIIS is therefore bound by the undisputedly applicable FMCS rules and cannot unilaterally require the selection of the arbitrator from a second or subsequent panel without the Union's consent.  As a result, the parties must select an arbitrator from the panel that has been provided.  The Union's request for sanctions pursuant to § 1927 is DENIED, and this matter is now terminated.

ENTERED this 12th day of July, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge