E-FILED
Tuesday, 08 August, 2006  04:11:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 371, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05-4078 |
| ROCK ISLAND INTEGRATED SERVICES, a joint venture of DEL-JEN, INC. and AECOM GOVERNMENT SERVICES, ) ) ) ) ) | |
| Defendant. ) | |

# O R D E R

This matter is now before the Court on Plaintiff's Bill of Costs. Defendant has filed his objections to the Bill of Costs, and this Order follows.

## DISCUSSION

Having won judgment in its favor, Plaintiff has submitted its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $332.33. "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. See Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997).

"The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted).  The losing party must affirmatively demonstrate the prevailing party is not entitled to costs.  See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).  Here, Defendant does not object to the award of costs, but challenges one specific item as unreasonable.

Plaintiff seeks $82.33 in fees for service of summons.  This amount includes two attempts to serve Defendant: (1) a $40.00 charge for an unsuccessful attempt by a private process server, and (2) a $42.33 charge by the Rock Island Sheriff's Department to serve Defendant after the private process server failed. Although Defendant objects to the amount charged for service by the Sheriff's Department, the Court finds that it is the charge for the unsuccessful service attempt that should not be passed on in an award of costs. Accordingly, the Court declines to award the $40.00 sought for the unsuccessful service attempt by the private process server.

## CONCLUSION

For the reasons set forth above, the Court awards $292.33 as costs in this case. Such costs shall be taxed in favor of Plaintiff and against Defendant.

ENTERED this 8th day of August, 2006.


　　　　　　　　　　　　　　　　s/ Michael M. Mihm
　　　　　　　　　　　　　　　　Michael M. Mihm
　　　　　　　　　　　　　　　　United States District Judge